# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### JEFFERY DEMOND MIREE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 286809     Barry A. Steelman, Judge**

---

**No. E2013-00610-CCA-R3-CO - Filed September 30, 2013**

---

The pro se petitioner, Jeffery Demond Miree, appeals as of right from the Hamilton County Criminal Court's order denying his petition for writ of error coram nobis. The State has filed a motion to affirm the trial court's order pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Jeffery Demond Miree, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1990, the petitioner pleaded guilty in Hamilton County Criminal Court to first degree murder and especially aggravated robbery and was sentenced to life imprisonment and 25 years' incarceration, respectively, to be served concurrently. On December 10, 2012, the petitioner filed his first petition for post-conviction relief in which he alleged that the one-year statute of limitations should be tolled for application of a new constitutional right requiring retrospective application. Citing to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), the petitioner alleged that he was a juvenile at the time of the commission of the offenses and, therefore, could not receive

a sentence of life without the possibility of parole for a non-homicide offense. Determining that the petitioner did not establish a basis to toll the limitations period, the post-conviction court summarily dismissed the petition. The petitioner's appeal of the summary dismissal is currently before this court in a separate appeal. *See Jeffery Demond Miree v. State*, No. E2013-01930-CCA-R3-PC.

On February 6, 2013, the petitioner filed a petition for writ of error coram nobis in the trial court seeking relief from the post-conviction court's summary dismissal. In its order denying relief, the coram nobis court noted that the petitioner, while a juvenile at the time of the commission of his offenses, was not sentenced to life without parole. The court also determined that a writ of error coram nobis was not available in post-conviction proceedings. Thus, the petitioner failed to state a cognizable ground for relief.

On appeal, the petitioner argues that the coram nobis court should not have summarily dismissed his petition for coram nobis relief. The State contends that the judgment should be affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence *relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.*

T.C.A. § 40-26-105(b) (2006) (emphasis added); *see State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'") (citation omitted). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

The petitioner's attempt to utilize the writ of error coram nobis in the context of a post-conviction proceeding is misplaced. *Vasques*, 221 S.W.3d at 526 (holding that "the

standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome").  In consequence, the claim is not justiciable in a coram nobis petition.

Accordingly, we affirm the judgment of the Knox County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE